UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| COACHMEN INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff/Counterclaim-defendant, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CV-00163 (JVB/CAN) |
| | ) | |
| GAMCO ASSET MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

DEFENDANT/COUNTERCLAIMANT'S
ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

Defendant GAMCO Asset Management Inc. ("GAMCO"), by its undersigned counsel,

for its Answer to the Complaint of plaintiff Coachmen Industries, Inc.  ("Coachmen" or the

"Company") answers as follows:

1.      This action arises out of GAMCO's improper solicitation of proxies to
Coachmen's shareholders to elect three individuals GAMCO purportedly nominated to
Coachmen's Board of Directors, when those nominees were ineligible and disqualified from
serving as directors under Coachmen's Corporate Governance Guidelines.

Response 1.    Denies the allegations set forth paragraph 1 of the Complaint.

2.      Plaintiff Coachmen is an Indiana corporation and citizen, with its principal place
of business in Elkhart, Indiana.

Response 2.    Admits the allegations set forth in paragraph 2 of the Complaint.

3.      Defendant GAMCO is a New York corporation and citizen.

Response 3.    Admits that GAMCO is a New York corporation, and denies the

remaining allegations set forth in paragraph 3 of the Complaint.

4.      This action is brought under the Securities Exchange Act of 1934 ("Exchange
Act") and Indiana's Declaratory Judgment Act.  Coachmen seeks injunctive relief and damages.

Response 4.    Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 4 of the Complaint.

5.    This Court has jurisdiction over Coachmen's federal securities claim pursuant to 28 U.S.C. § 1331.  This Court has supplemental jurisdiction over Coachmen's state law claim pursuant to 28 U.S.C. §§ 1366 and 1367 and under the doctrine of pendant jurisdiction as the state claim is so related to the federal claim as to form part of the same case or controversy.

Response 5.    Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 5 of the Complaint.

6.    Venue is proper in this district under 28 U.S.C. §1391(b) because the solicitation of proxies and voting on directors occurred in this judicial district.

Response 6.    Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 6 of the Complaint.

7.    Coachmen is a publicly traded company.  The Company's business is conducted by its employees, managers, and officers, under the direction of the Chief Executive Officer ("CEO") and the oversight of the Company's Board of Directors (sometimes referred to herein as the ''Board").

Response 7.    Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 7 of the Complaint, except admits that Coachmen is

a publicly-traded company.

8.    The Board is elected by Coachmen's shareowners.  Specifically, "Directors are elected by a plurality of the votes cast by shares entitled to vote in the election at a meeting at which a quorum is present, unless otherwise provided in the Articles of Incorporation of the Corporation."  By-Laws of Coachmen Industries, Inc. (as modified through October 27, 2009) (hereafter "By-Laws"), Article II, Section 2.9.

Response 8.    Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 8 of the Complaint, except admits that the Bylaws

of Coachmen, as modified through October 27, 2009 (referred to herein as the "Coachmen

Bylaws") contains the language selectively quoted in paragraph 8 of the Complaint, and

respectfully refers the Court to the Coachmen Bylaws for a full and accurate reading of their

terms.

9.      Coachmen's annual election of directors will occur at its annual shareholders'
meeting, to be held at Christiana Creek Country Club, 116 West Bristol Street, Elkhart, Indiana,
on Thursday, April 29, 2010 at 10:00 A.M.

Response 9.    Admits that Coachmen's annual shareholders meeting took place at

Christiana Creek Country Club, 116 West Bristol Street, Elkhart, Indiana, on Thursday, April 29,

2010 at 10:00 a.m.

10.      In addition to general oversight of management, Coachmen's Board of Directors
also performs a number of specific functions, including:

- Ensuring processes are in place for maintaining the integrity of the
  Company – the integrity of financial statements, the integrity of
  compliance with the laws and ethics, and the integrity of relationships with
- Reviewing, approving, and monitoring fundamental financial and business
  strategies and major corporate actions;
- Assessing major risks facing the Company, and reviewing options for their
  mitigation;
- Selecting, evaluating, and compensating the CEO, and overseeing CEO
  succession planning, and where necessary, replacing the CEO;
- Providing counsel and oversight on the selection, evaluation,
  development, and compensation of other senior executives, defined as
  members of the Executive Management Committee; and
- Evaluating Board processes and performance, selecting directors, and
  compensating directors.

Response 10.  Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 10 of the Complaint, except admits that the

Coachmen Corporate Governance Guidelines, as adopted on August 20, 2007, contain the

language selectively quoted in paragraph 10 of the Complaint, and respectfully refers to Court to

the Coachmen Corporate Governance Guidelines for a full and accurate reading of their terms.

11.      The Board is divided into three classes.  The members of each class serve three-
year terms, with one class elected each year by Coachmen's shareholders the annual meeting.

Response 11.  Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 11 of the Complaint, except admits that, pursuant to

Section 3.2 of the Coachmen Bylaws, Coachmen directors serve three-year terms that are

staggered so that the terms of approximately one-third of the Coachmen directors expire each

year.

12.     Under Coachmen's By-Laws, certain shareholders may propose nominees for
consideration by Coachmen's Governance Committee by submitting nominee names and
supporting information in accordance with the Company's By-Laws and instructions provided in
the Company's most recent annual proxy statement.

Response 12.  Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 12 of the Complaint, except admits that Coachmen

shareholders may nominate directors to Coachmen's Board of Directors in accordance with,

among other items, the Coachmen Bylaws, and respectfully refers to the Court to the Coachmen

Bylaws for a full and accurate reading of their terms.

13.     The Company's Corporate Governance Guidelines provides:

Directors must be willing to devote sufficient time to carrying out their
duties and responsibilities effectively, and should be committed to serving
on the Board for an extended period of time.  Directors who also serve as
CEOs or in equivalent positions should not serve on more than two boards
of public and/or private companies in addition to the Coachmen Board,
and other directors should not serve on more than four other boards of
public companies in addition to the Coachmen Board.  The Governance
Committee with review this item on a case-by-case basis.

Coachmen Industries, Inc. Corporate Governance Guidelines, As Adopted and Amended August

20, 2007, Paragraph 5.h.

Response 13.  Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 13 of the Complaint, except admits that the

Coachmen Corporate Governance Guidelines contains the language selectively quoted in

paragraph 13 of the Complaint, and respectfully refers to Court to the Coachmen Corporate

Governance Guidelines for a full and accurate reading of their terms.

14.     The Company's Corporate Governance Guidelines also provide that "Coachmen does not have term limits for its directors, but does have mandatory retirement …" Corporate Governance Guidelines, Paragraph 5.j. "Directors will not be nominated for nomination to the Board after their 75th birthday, except pursuant to a unanimous resolution or the Board of Directors authorizing continued service for a limited period of time in special circumstances." Corporate Governance Guidelines, Paragraph 5.k.

Response 14.   Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 14 of the Complaint, except admits that the

Coachmen Corporate Governance Guidelines contains the language selectively quoted in

paragraph 14 of the Complaint, and respectfully refers to Court to the Coachmen Corporate

Governance Guidelines for a full and accurate reading of their terms.

15.     Section 2.15(a) of the Company's By-Laws requires that any nomination for director by a shareholder of the Company must be made in writing and received by the Company no later than 90 days prior to the anniversary of the date of the last meeting of shareholders for the election of directors,

Response 15.   Denies knowledge and information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 15 of the Complaint, except admits that the

Coachmen Bylaws contains the language selectively referred to in paragraph 15 of the

Complaint, and respectfully refers the Court to the Coachmen Bylaws for a full and accurate

reading of their terms.

16.     As set forth in the proxy statement for the Company's 2009 annual meeting of shareholders, the deadline for receipt of nominations for the 2010 Annual Meeting was January 30, 2010.

Response 16.   Admits the allegations set forth in paragraph 16 of the Complaint.

17.     Section 2.15(b) of the Company's By-Laws set forth certain information with respect to each nominee for director that must be included in a notice of nomination.  That information includes:

- Name of the nominee
- Nominee's age
- Nominee's business address
- Nominee's residence address
- Nominee's principal occupation
- Number of the Company's shares beneficially owned by nominee
- Such other information as is required under procedures adopted for nominations by the company's Governance Committee
- Such other information as is required to be included in a proxy statement soliciting proxies for the election

<u>Response 17.</u>  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint, except admits that the Coachmen Bylaws contains certain of the language selectively quoted in paragraph 17 of the Complaint, and respectfully refers the Court to the Coachmen Bylaws for a full and accurate reading of their terms.

18.     In January 2010, the Company received two separate Notices of Intent to Nominate Directors at the Company' 2010 Annual Meeting of Shareholders from GAMCO.

<u>Response 18.</u>  Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint, and avers that GAMCO provided its notices of intent to nominate directors at the Company's 2010 Annual Meeting of Shareholders by letters dated January 28 and January 29, 2010, respectively, that also were attached as exhibits to amendments to GAMCO's Schedule 13Ds filed with the Securities and Exchange Commission on or about the same dates.

19.     GAMCO is a privately owned investment manager.  Mario J. Gabelli ("Gabelli") is the Chairman, Chief Executive Officer, Portfolio Manager, and Chief Investment Officer of value portfolios of GAMCO.

<u>Response 19.</u>  Denies the allegations set forth in paragraph 19 of the Complaint except admits that Mario J. Gabelli is the Chief Investment Officer of Value Portfolios for GAMCO.

6

20.     As of the Company's March 15, 2010 record date, GAMCO beneficially owned 909,219  shares of Coachmen's stock, representing 5.62% of the Company's outstanding shares. In addition, GAMCO'S affiliates beneficially owned 788,500 shares of Coachmen's 16,189,322 common shares outstanding or 4.87% of Coachmen's outstanding shares.

Response 20.   Admits the allegations set forth in paragraph 20 of the Complaint.

21.     GAMCO amended its Schedule 13D filing relating to the Company on January 28, 2010 and January 29, 2010 to disclose that it sent letters to the Company announcing its intention to recommend up to three individuals for nomination for election as directors of the Company at the annual meeting, including Glenn J. Angiolillo ("Angiolillo"), Avrum Gray ("Gray"), and Robert S. Prather ("Prather").

Response 21.   Admits the allegations set forth in paragraph 21 of the Complaint.

22.     On April 8, 2010, GAMCO filed a preliminary proxy statement in connection with the Coachmen 2010 Annual Meeting of Shareholders to elect its three nominees (Angiolillo, Gray, and Prather) as directors of Coachmen.

Response 22.   Denies the allegations set forth in paragraph 22 of the Complaint, and

avers that GAMCO filed a preliminary proxy statement with the SEC on March 8, 2010, which

preliminary statement subsequently was amended and supplemented.

23.     On or about April 16, 2010, GAMCO filed a definitive proxy statement with the Securities and Exchange Commission in connection with the solicitation of the Company's shareholders to vote for GAMCO's purported nominees at the annual meeting.

Response 23.   Admits the allegations set forth in paragraph 23 of the Complaint.

24.     After receipt of the notices for nomination, the Company's Board of Directors determined that the notices of nomination did not provide the following required information with respect to the purported nominees:

- A discussion, required to be included in a proxy statement, of the specific experience, qualifications, attributes or skills that would lead to a conclusion that the nominee should serve as a director of the Company, in light of the Company's business;
- A statement, required to be included in a proxy statement, of any legal proceedings that occurred during the past ten years that any of the nominees have been involved in and that would be material to an evaluation of the nominee's ability or integrity; and
- Both a business and residence address.

Response 24.  Denies that GAMCO's notices of nomination did not provide required information concerning GAMCO's nominees to the Coachmen Board of Directors, and denies knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 24 of the Complaint.

25.     Because the notices of nomination were not amended or supplemented to provide the required information prior to the January 30, 2010 deadline for nominations, the Board of Directors determined that the purported nominations did not comply with the Company's By-Laws.

Response 25.  Denies that GAMCO's notices of nomination of directors to the Coachmen Board of Directors required amendment or supplementation, denies knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 25 of the Complaint, and avers that Coachmen did not inform GAMCO, as requested, of any alleged deficiencies in GAMCO's nominations prior to January 30, 2010.

26.     Upon the report of Director Robert J. Deputy, Chairman of the Governance Committee, to the full Board of Directors, the Board noted unanimous concern with the ability of the purported nominees to meet the time demands associated with being a contributing member to the Board given their numerous, significant time commitments.  Specifically, the Board determined that the purported nominees' professional commitments did not satisfy the Company's Corporate Governance Guidelines.  Accordingly, the Board did not recommend including any of the purported nominees on the Company's slate of directors for nomination at the Company's 2010 Annual Meeting.

Response 26.  Denies that the GAMCO nominees' professional commitments "did not satisfy the Company's Corporate Governance Guidelines," and denies knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 26 of the Complaint.

27.     Specifically, the Company's Governance Guidelines contain certain eligibility requirements for directors including, but not limited to, that a director nominee who is the chief executive officer of a public company cannot be a director of more than two other public companies, and no director nominee can be the director of four or more other public companies.

Response 27.  Denies the allegations set forth in paragraph 27 of the Complaint, except

admits that the Coachmen Corporate Governance Guidelines contain certain of the language

selectively quoted in paragraph 27 of the Complaint, and respectfully refers the Court to the

Coachmen Corporate Governance Guidelines for a full and accurate reading of their terms, and

avers that each of the individuals nominated by GAMCO met the applicable Company

Guidelines, which Guidelines state that Coachmen directors "should not serve on more than four

other boards of public companies in addition to the Coachmen Board."

28.     GAMCO's Proxy Statement disclosed that Angiolillo is President of GJA
Corporation, a consulting and advisory firm specializing in wealth management; a former partner
in the law firm of Cummings & Lockwood; and is a director or board member for: (1) LICT
Corp. (formerly known as Lynch Interactive Corp. (public company); (2) NYMagic, Inc. (public
company); (3) Trans-Lux Corporation (public company); and (4) Gaylord Entertainment
Company (public company).  GAMCO Proxy Statement, Proposal 1: Election of Directors,
Background of the GAMCO Nominees.

Response 28.  Admits the allegations set forth in paragraph 28 of the Complaint, and

avers that Mr. Angiolillo's nomination is in compliance with the applicable Coachmen Corporate

Governance Guidelines and with the Coachmen Bylaws.

29.     GAMCO's Proxy Statement disclosed that Gray, age 74 and thus only able to
serve for one term under the Company's Corporate Governance Guidelines, is the Chairman and
Founding Partner of G-Bar Limited Partnership, one of the nation's largest independent options
trading firms and a leading specialist in computer-based arbitrage activities in the derivatives
markets, and that he was a director or board member for: (1) Nashua Corporation (public
company); (2) Material Sciences Corporation (public company); and (3) The LGL Group, Inc.
(pubic company); and (4) SL Industries, Inc. (public company). GAMCO Proxy Statement,
Proposal 1: Election of Directors, Background of the GAMCO Nominees

Response 29.  Denies that Mr. Gray is "thus only able to serve for one term under the

Company's Corporate Governance Guidelines," denies that GAMCO's Proxy Statement stated

that Gray is a director or board member for: (1) Nashua Corporation (public company); (2)

Material Sciences Corporation (public company); and (3) The LGL Group, Inc. (pubic company)

(GAMCO's Proxy Statement stated that Gray was previously a director or board member of such

entities),  admits the remainder of the allegations set forth in paragraph 29 of the Complaint, and

avers that Mr. Gray's nomination is in compliance with the applicable Coachmen Corporate

Governance Guidelines and with the Coachmen Bylaws.

30.     GAMCO's Proxy Statement disclosed that Prather is the President and Chief
Operating Officer of Gray Television, Inc., a television broadcast company in Atlanta, Georgia,
and that he is a director or member for the following boards: (1) Gray Television, Inc. (public
company); (2) Triple Crown Media, Inc. (Chairman, public company); (3) The Georgia World
Congress Center Authority (Chairman of government authority); (4) Draper Holdings Business
Trust (privately held); (5) Enterprise Bank (privately held); (6) Gaylord Entertainment Company
(public company); (7) GAMCO Investors, Inc. (privately held parent corporation of GAMCO);
and (8) Swiss Army Brands, Inc. (privately held). GAMCO Proxy Statement, Proposal 1:
Election of Directors, Background of the GAMCO Nominees.  Additionally, upon information
and belief, Prather is a director or board member of Nioxin Research Laboratories, Inc. (privately
held) and Greenwich PMV Acquisition Corp. (privately held).

Response 30.   Denies that GAMCO Investors, Inc. is the privately held parent

corporation of GAMCO (as disclosed in GAMCO's Proxy Statement, it is the publicly held

parent of GAMCO), denies that Prather is a director or board member of either Nioxin Research

Laboratories, Inc. or Greenwich PMV Acquisition Corp., admits the remainder of the allegations

set forth in paragraph 30 of the Complaint, and further avers that Mr. Prather's nomination is in

compliance with the applicable Coachmen Corporate Governance Guidelines and with the

Coachmen Bylaws.

31.     Following the Board Meeting, Chairman of the Board, William Johnson,
attempted to communicate with Mr. Gabelli to inform him that the nominations were out of order
and to also explore opportunities to address his concerns.  After several attempts to engage Mr.
Gabelli in discussions, the Company received no further communications from GAMCO
regarding the Company until the filing of GAMCO's proxy statement with the Securities and
Exchange Commission on March 8, 2010.

Response 31.   Denies knowledge and information sufficient to form a belief as the truth

of the allegations set forth in paragraph 31 of the Complaint.

32.     In its proxy statement, GAMCO indicated that it intends to solicit proxies from
the Company's shareholders for the election of its proposed nominees.

Response 32.  Admits the allegations set forth in paragraph 32 of the Complaint.

33.     Because the Board of Directors has determined that the purported nominations did not comply with the Company's By-Laws, the purported nominations of Angiolillo, Gray, and Prather are out of order and votes for them may be disallowed.

Response 33.  Denies the allegations set forth in paragraph 33 of the Complaint.

CAUSES OF ACTION

Count I:  Violation of Securities Exchange Act of 1934

34.     Coachmen incorporates by reference the allegations in Paragraphs 1 through 33 by reference as if set forth fully herein.

Response 34.  GAMCO restates its responses in the above paragraphs in response to

paragraph 34 of the Complaint.

35.     Section 14(a) of the Exchange Act prohibits a solicitation "by means of a proxy statement, form of proxy, notice of meeting or other communication, written or oral, containing any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading or necessary to correct any statement in any earlier communication with respect to the solicitation of a proxy for the same meeting or subject matter which has become false or misleading." SEC Rule 14a-9(a); 17 C.F.R. § 240.14a-9; and Exchange Act, § 14(a), 15 U.S.C. § 78n(a).

Response 35.  States that the allegations set forth paragraph 35 of the Complaint

constitute conclusions of law to which no response is required, and are therefore denied.

36.     An omitted fact is material if there is a substantial likelihood that a reasonable shareholder would consider it important in deciding how to vote.  It does not require proof of a substantial likelihood that disclosure of the omitted fact would have caused the reasonable investor to change his vote, but just that it would have assumed actual significance in the deliberations of a reasonable shareholder, meaning it would have been viewed by the reasonable investor as having significantly altered the "total mix" of information made available.

Response 36.  States that the allegations set forth paragraph 36 of the Complaint

constitute conclusions of law to which no response is required, and are therefore denied.

37.     Reliance is not an element of proof in misleading proxy claims.  Because materiality is the touchstone of a proxy violation case, whether any particular shareholder was actually misled by the challenged misrepresentation is irrelevant.

Response 37.   States that the allegations set forth paragraph 37 of the Complaint

constitute conclusions of law to which no response is required, and are therefore denied.

38.   GAMCO's proxy solicitation violated Section 2.15 of Coachmen's By-Laws by failing to include certain information about the proposed nominees, including but not limited to, the specific experience, qualifications, attributes or skills that would lead to a conclusion that the nominee should serve as a director of the Company, in light of the Company's business; a statement, required to be included in a proxy statement, of any legal proceedings that occurred during the past ten years that any of the nominees have been involved in and that would be material to an evaluation of the nominees' ability or integrity; both a business and residence address; and that Gray could only serve for one term.

Response 38.   Denies the allegations set forth in paragraph 38 of the Complaint.

39.   GAMCO's proxy solicitation failed to explain that the purported nominees' positions as board members or directors for other public and private companies, which would dilute the purported nominees' ability to give their attention and effort to Coachmen's Board and attendant responsibilities, are not in compliance with Coachmen's Corporate Governance Guidelines.

Response 39.   Denies the allegations set forth in paragraph 39 of the Complaint.

40.   GAMCO failed to disclose the Company's position, disclosed in the Company's proxy statement, that the purported nominees are not eligible to serve as Coachmen directors under the Company's Corporate Governance Guidelines, that GAMCO's nomination did not comply with the Company's By-Laws and are therefore out of order, and that Coachmen may not count any shareholder votes for said nominees.

Response 40.   Denies the allegations set forth in paragraph 40 of the Complaint.

41.   Coachmen has been harmed by GAMCO's improper proxy solicitation in violation of Section 14(a) of the Exchange Act and is entitled to injunctive relief and damages.

Response 41.   Denies the allegations set forth in paragraph 41 of the Complaint.

Count II:  Declaratory Judgment

42.   Coachmen incorporates by reference the allegations in Paragraphs 1 through 41 by reference as if set forth fully herein.

Response 42.   GAMCO restates its responses in the above paragraphs in response to

paragraph 42 of the Complaint.

43.   Coachmen's By-Laws and Corporate Governance Guidelines establish certain eligibility requirements for its directors.

Response 43.   Denies knowledge and information sufficient to form a belief as to the truth of allegations set forth in paragraph 43 of the Complaint, and avers that GAMCO's nominees to the Coachmen Board of Directors meet applicable eligibility requirements.

44.   GAMCO's proxy solicitation to elect its nominees as directors was out of order because the directors failed to meet the eligibility requirements set forth in the By-Laws and Corporate Governance Guidelines.

Response 44.   Denies the allegations set forth in paragraph 44 of the Complaint.

45.   Because GAMCO's nominees were ineligible to serve as Coachmen directors, Coachmen had the right and authority to refuse to recognize or accept any votes, in person or by proxy, for GAMCO's nominees.

Response 45.   Denies the allegations set forth in paragraph 45 of the Complaint.

46.   Coachmen seeks to have this Court declare Coachmen's rights and authority to declare GAMCO's proxy solicitation out of order and to refuse to recognize or accept votes for GAMCO's nominees under Coachmen's By-Laws and Corporate Governance Guidelines pursuant to Ind. Code § 34-14-1-1 and I.C. § 34-14-1-2.

Response 46.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Complaint.

47.   Coachmen has a substantial present interest in its By-Laws and Corporate Governance Guidelines and its rights are affected by the validity of said document.

Response 47.   Denies knowledge and information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Complaint.

48.   A real and actually controversy exists between Coachmen and GAMCO about the construction and effect of the By-Laws and Corporate Governance Guidelines.

Response 48.   Denies the allegations set forth in paragraph 48 of the Complaint.

49.   Questions have arisen affecting Coachmen's rights to have directors elected who meet its By-Laws and Corporate Governance Guidelines.  Specifically, those questions include whether GAMCO's nominees who have numerous outside board memberships and other

13

responsibilities must meet Coachmen's Corporate Governance Guidelines to be eligible to be elected as directors.

Response 49.  Denies the allegations set forth in paragraph 49 of the Complaint.

50.      WHEREFORE, with respect to Count I, Coachmen requests that this Court award it injunctive relief and other damages as a result of GAMCO's violation of the Securities Exchange Act of 1934.

Response 50.  Denies that Coachmen is entitled to any of the relief requested within

paragraph 50 of the Complaint.

51.      WHEREFORE, with respect to Count II, Coachmen requests that this Court enter a declaratory judgment in Coachmen's favor and against GAMCO, and declare that Coachmen's determination to rule GAMCO's purported nominees were out of order and all votes cast by shareholders in favor of said nominees were null and void because the purported nominations failed to comply with Coachmen's By-Laws and Corporate Governance Guidelines.

Response 51.  Denies that Coachmen is entitled to any of the relief requested within

paragraph 51 of the Complaint.

52.      WHEREFORE, as to all Counts, Coachmen requests all other relief as the case may require or as the Court may determine to be just, equitable, and proper.

Response 52.  Denies that Coachmen is entitled to any of the relief requested within

paragraph 52 of the Complaint.

FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

The allegations of the Compliant fail to state a claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE
(Unclean Hands)

The allegations of the Complaint are barred by plaintiff's unclean hands.

THIRD AFFIRMATIVE DEFENSE
(Waivers and Estoppel)

The allegations of the Complaint are barred by the doctrine of waiver and estoppels.

14

FOURTH AFFIRMATIVE DEFENSE
(Laches)

The allegations of the Complaint are barred by the doctrine of laches.

FIFTH AFFIRMATIVE DEFENSE
(Immateriality)

The allegations of the Complaint are barred because plaintiff has failed to establish

materiality.

SIXTH AFFIRMATIVE DEFENSE
(No Damages or Losses)

The allegations of the Complaint are barred because plaintiff has suffered no damages.

SEVENTH AFFIRMATIVE DEFENSE
(*In Pari Delicito*)

The allegations of the Complaint are barred by the doctrine of *in pari delicito*.

EIGHTH AFFIRMATIVE DEFENSE
(Ratification)

The allegations of the Complaint are barred by the doctrine of ratification

Prayer for Relief

WHEREFORE, as to all Counts of the Complaint, GAMCO respectfully requests that this

Court enter  judgment in GAMCO's favor against plaintiff and dismiss the Complaint in its

entirety, with prejudice, and award GAMCO its attorney's fees and costs and any such other and

further relief that this Court deems just and proper.

BDDB01 6172463v4

<u>COUNTERCLAIM</u>

Counterclaimant GAMCO Asset Management Inc. ("GAMCO"), for its counterclaim against counterclaim-defendant Coachmen Industries, Inc. ("Coachmen" or the "Company"), alleges as follows:

<u>Introduction</u>

1.      GAMCO is the largest independent shareholder of Coachmen and has owned shares for several years.  Under current management, Coachmen has been in steady decline, as its share price has plummeted more than 90% since 2006.  In January 2010, GAMCO nominated three highly qualified individuals for election to Coachmen's nine-person Board of Directors.  At Coachmen's 2010 annual meeting, two of GAMCO's nominees each received 6,222,448 votes, and the third received 5,427,219 votes.  The three incumbent directors received vote tallies ranging from merely 2,325,198 to 2,333,308.

2.      Coachmen has refused to recognize the overwhelming votes of its shareholders for GAMCO's nominees and has refused them seats on Coachmen's Board.  Coachmen has claimed that GAMCO did not comply with nominating procedures—a claim that is demonstrably false—and has refused to include votes for GAMCO's highly qualified nominees in the official electoral tally.

3.      Because Coachmen announced prior to the meeting that it may disallow votes for the GAMCO nominees—effectively disenfranchising Coachmen shareholders who wanted to vote for those nominees—approximately 2,570,000 votes were cast as "abstaining," representing shareholders who rejected Coachmen's proposed nominees to the Board.  GAMCO now seeks declaratory and injunctive relief to redress Coachmen's unjust manipulation of the corporate machinery.

16

The Parties

4.      Counterclaimant GAMCO is the wholly-owned subsidiary of GAMCO Investors, Inc. ("GAMCO Investors"), a well-known and highly-regarded provider of investment advice and brokerage services to select investors, including individuals, institutions and mutual funds. GAMCO is incorporated under the laws of the state of New York, and has principle executive offices at One Corporate Center, Rye, New York, 10580-1422.

5.      Counterclaim-defendant Coachmen is a corporation organized under the laws of the state of Indiana, and has principal executive offices at 2831 Dexter Drive, Elkhart, Indiana, 46514.  Coachmen, now doing business as All American Group, Inc., is a builder of systems-built homes and large scale residential construction projects.  Its shares are publicly traded under the symbol "COHM."

Jurisdictional Allegations

6.      This Court has jurisdiction over GAMCO's counterclaim pursuant to 28 U.S.C. § 1367(a).

7.      Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the wrongful conduct of the Coachmen Board of Directors with respect to the nomination, voting, and suppression of votes for Coachmen Directors took place in this judicial district.

Factual Background

8.      GAMCO and its affiliates have been major shareholders of Coachmen since at least 2004.  As of the March 15, 2010 Record Date for the 2010 Annual Shareholders Meeting, GAMCO beneficially owned 909,219 shares of Coachmen common stock, representing approximately 5.62% of Coachmen's 16,189,322 outstanding shares.  Additionally, affiliates of

GAMCO beneficially owned at least 788,500 shares, representing an additional 4.87% of Coachmen's outstanding shares.

9.      For several years, the share price of Coachmen's common stock has been in severe decline.  Its share price over the past five years underscores the lack of investor confidence in management: $11.56 at year-end 2005; $10.94 at year-end 2006; $6.40 at year-end 2007; $1.84 at year-end 2008; $1.15 at year-end 2009 and $0.85 as of the close of trading on May 21, 2010.  Coachmen's share price over the past five years is set forth in the chart below, drawn from the Coachmen website:



10.      In October 2009, Coachmen's Board entered into new financing arrangements that were highly dilutive to shareholders.  GAMCO determined that qualified independent directors were needed to protect the interests of all shareholders.

11.      Pursuant to Section 2.15 of the Bylaws of Coachmen, as modified through October 27, 2009 (referred to herein as the "Coachmen Bylaws"), nominations for the election of directors may be made by any stockholder holding 5% or more of the outstanding shares entitled to vote for the election of Coachmen directors.

18

12.     By letter dated January 28, 2010, GAMCO advised Coachmen of its nomination of Robert S. Prather, Jr. and Glenn Angiolillo for election as directors at Coachmen's next annual shareholders meeting, scheduled for April 29, 2010 (the "2010 Annual Shareholders Meeting"). Mr. Prather is the President and Chief Operating Officer of Gray Television, Inc., a New York Stock Exchange listed company that operates 36 television stations in 30 markets.  Mr. Angiolillo is an attorney who practiced law for many years at Cummings & Lockwood in Connecticut, where he served on the Management Committee.  Among other responsibilities, Mr. Angiolillo is the president of GJA Corporation, a consulting and advisory firm specializing in wealth management, and he currently serves as a director for Gaylord Entertainment Company, also listed on the New York Stock Exchange.  Gaylord is a diversified hospitality and entertainment company with a market capitalization in excess of $1 billion.

13.     By letter dated January 29, 2010, GAMCO further advised Coachmen of its nomination of Avrum Gray as an additional nominee for election as a director of the Company at the 2010 Annual Shareholders Meeting.  Mr. Gray served as a chief executive of manufacturing company for over thirty years.  He is the Chairman and a founding partner of G-Bar Limited Partnerships, one of the nation's largest independent options trading firms.  Messrs. Prather, Angiolillo and Gray are collectively referred to herein as the "GAMCO Director Nominees."

14.     The deadline to present notices of nominations to the Coachmen Board of Directors in advance of the 2010 Annual Shareholders Meeting was January 30, 2010. GAMCO's notices of nominations for the GAMCO Director Nominees were presented and received before January 30, 2010, and therefore were timely.

15.     In compliance with the Coachmen Bylaws, GAMCO's notices of nomination for the GAMCO Director Nominees included extensive information about each nominee, including

19

his name, age and address information, respective principal occupations, the number of shares of

Coachmen common stock beneficially owned by the nominee, and the nominee's respective

statement of consent.

16.     Each of GAMCO's notices of nomination stated as follows:

> This letter and all attachments hereto are submitted in a good faith effort
> to satisfy Coachmen's requirements.  Should this letter and/or any
> attachments hereto be deemed deficient in any way, please contact
> [GAMCO] so that any deficiency may be cured.  GAMCO reserves all
> rights available to it under applicable law.

17.     Each of GAMCO's notices of nomination further stated:

> We are not aware of any business relationships between [the respective
> GAMCO Director Nominee] and Coachmen, directly or indirectly, and we
> believe that [the respective GAMCO Director Nominee] would qualify
> under applicable rules as an independent director of Coachmen.  There are
> no arrangements or understandings between GAMCO and Mr. Gray or
> others pursuant to which Mr. Gray is being recommended by GAMCO.

18.     On March 8, 2010, GAMCO filed a preliminary proxy statement with the SEC, in

advance of the 2010 Annual Shareholders Meeting, soliciting the support of Coachmen

shareholders for the election of the GAMCO Director Nominees to the Coachmen Board.

19.     In a preliminary proxy statement, dated on or about March 26, 2010, Coachmen

claimed that the notices of nomination for the GAMCO Director Nominees did not comply with

the Coachmen Bylaws because they allegedly did not provide (i) a "discussion" of the "specific

experience, qualification, attributes or skills that would lead to a conclusion that the nominee

should serve as a director of [Coachmen], in light of the Company's business"; (ii) a "statement"

describing "any legal proceeding that occurred during the past ten years that any of the nominees

have been involved in and that would be material to an evaluation of the nominee's ability or

integrity"; and (iii) "both a business and a residence address."  Coachmen threatened that the

Chairman "may rule" at the 2010 Annual Shareholders Meeting that the nominations of the GAMCO Director Nominees "are out of order" and "disallow votes for any of them."

20.     None of these claims provides any basis whatsoever for rejecting GAMCO's notices of nomination or "disallowing" the votes of Coachmen shareholders for the GAMCO Director Nominees.  GAMCO's notices of nomination complied with Section 2.15(b) of the Coachmen Bylaws by including information concerning the experience, qualifications, attributes and skills of each of the GAMCO Director Nominees, as would be required to be disclosed in a proxy statement.  While Coachmen's Bylaws do not call for a "discussion" of a nominee's "specific" experience, as claimed by Coachmen in its SEC filings, GAMCO's preliminary and definitive proxy statements disclosed both the experiences and qualifications of the GAMCO Director Nominees.

21.     Additionally, because none of the GAMCO Director Nominees were involved in any legal proceedings that would be material to an evaluation of the nominee's ability or integrity, no "statement" concerning any such legal proceedings was, or even could have been, provided with the notices of nomination for the GAMCO Director Nominees.  Again, the Coachmen Bylaws require no such "statement" to be made in a notice of nomination, contrary to Coachmen's disclosures to the SEC.

22.     Finally, GAMCO's notices of nomination provided business addresses, but not home addresses, for each of the GAMCO Director Nominees.  This trivial and immaterial detail easily could have been addressed by GAMCO, had Coachmen raised the issue in a timely and responsible fashion.

23.     The Coachmen Bylaws additionally state, at Section 3.2, that "no person shall be eligible for election to the Board  . . . who will have attained the full age of seventy-five (75)

years prior to the beginning of the term for which said person is to serve as Director, except pursuant to an unanimous resolution of the Board of Directors authorizing continued service . . . ."  None of the GAMCO Director Nominees would have attained the full age of 75 years prior to the beginning of his term as a Coachmen director, nor would Mr. Gray have been precluded from serving as a director for additional terms, since the Coachmen Bylaws allow the Board to authorize a person 75 years of age to be nominated beyond his or her first term.

24.     As the 2010 Annual Shareholder Meeting approached, Coachmen issued a press release (that was also filed with the SEC on April 20, 2010) in which the Coachmen Board of Directors specifically urged Coachmen shareholders not to vote for the GAMCO Director Nominees "because the [GAMCO Director Nominees] neither fill needs of the Company, nor meet the requirements and procedures of the Company's Governance Guidelines."  Among other aspersions and allegations, the Board of Directors claimed that the GAMCO Director Nominees had "extensive commitments on other Boards, in excess of what is permitted by the Company's Governance Guidelines . . . ."

25.     However, nothing in the Coachmen Industries, Inc. Corporate Governance Guidelines, as adopted and amended on August 20, 2007 (referred to herein as the "Coachmen Corporate Governance Guidelines") would serve to block the nominations of the GAMCO Director Nominees to the Coachmen Board.  The Coachmen Corporate Governance Guidelines—which are advisory and not controlling—state at Paragraph 5.h that "directors should not serve on more than four other boards of public companies in addition to the Coachmen Board," and that the Coachmen Governance Committee shall "review this item on a case-by-case basis."  None of the GAMCO Director Nominees serve on more than four other boards of public companies.

26.     The 2010 Annual Shareholders Meeting was held as scheduled on April 29, 2010. The results confirm the shareholders overwhelming rejection of current management.  The tabulation of votes for the GAMCO Director Nominees was:

|                         | Votes For  |
|-------------------------|------------|
| Glenn J. Angiolillo     | 5,427,219  |
| Avrum Gray              | 6,222,448  |
| Robert S. Prather, Jr.  | 6,222,448  |

27.     By contrast, each of the nominees presented by the Coachmen Board of Directors received far fewer votes than the GAMCO Director Nominees:

|                      | Votes For  | Votes Withheld |
|----------------------|------------|----------------|
| Robert J. Deputy     | 2,332,975  | 2,570,914      |
| Richard M. Lavers    | 2,325,198  | 2,578,691      |
| Edwin W. Miller      | 2,333,308  | 2,570,581      |

28.     Section 2.9 of the Coachmen Bylaws provides that directors of Coachmen "are elected by a plurality of the votes cast by shares entitled to vote in the election at a meeting at which a quorum is present, unless otherwise provided in the Articles of Incorporation of the Corporation."  If the votes for the GAMCO Director Nominees had not been wrongfully disallowed by the Coachmen Board of Directors, the GAMCO Director Nominees would have been elected to the Coachmen Board.

COUNT ONE OF COUNTERCLAIM
(Injunctive Relief)

29.     GAMCO repeats its allegations set forth in paragraphs 1-28, above.

30.     Based on the foregoing, GAMCO is entitled to an Order directing Coachmen and its Board of Directors:  (1) to allow the votes cast for the GAMCO Director Nominees; (2) to comply with Section 2.9 of the Coachmen Bylaws, which provide that Coachmen directors are elected by plurality; and (3) to seat the GAMCO Director Nominees on the Coachmen Board of Directors, in place of the nominees offered by the Board of Directors.

23

31.     GAMCO has complied with the requirements of the Coachmen Bylaws, and to the extent applicable, the Coachmen Corporate Governance Guidelines, with respect to the nominations of the GAMCO Director Nominees.

32.     GAMCO has no adequate remedy at law, and will suffer irreparable harm without the requested Order providing injunctive relief.

COUNT TWO OF COUNTERCLAIM
(Declaratory Relief)

33.     GAMCO repeats its allegations in set forth in paragraphs 1-32, above.

34.     Coachmen's Board of Directors claims to have "disallowed" the votes received by the GAMCO Director Nominees, even though the GAMCO Director Nominees clearly received pluralities of the votes of Coachmen shareholders.  In fact, Coachmen has no right to "disallow" the votes cast for the GAMCO Director Nominees.

35.     There is a ripe and justiciable dispute between the parties relating to the election of directors at the 2010 Annual Shareholders Meeting.

36.      GAMCO is entitled to a declaration that the votes cast for the GAMCO Director Nominees are valid and that the GAMCO Director Nominees rightfully have been elected to the Coachmen Board, and an Order requiring Coachmen to seat the GAMCO Director Nominees on the Coachmen Board of Directors, in place of the nominees offered by the Coachmen Board of Directors.

WHEREFORE, GAMCO respectfully requests that this Court award GAMCO all relief requested in the Counterclaim, its costs, attorneys' fees, and any such other and further relief that this Court deems just and proper.

24

Respectfully submitted,

s/Carl A. Greci
Carl A. Greci (17351-49)
BAKER & DANIELS LLP
1400 KeyBank Building
202 South Michigan Street
South Bend, IN  46601
Telephone:      574..234.4149
Facsimile:      574.239.1900
carl.greci@bakerd.com

Paul A. Wolfla (24709-49)
BAKER & DANIELS LLP
Suite 2700
300 N. Meridian Street
Indianapolis, IN  46204-1782
Telephone:      317.237.0300
Facsimile:      317.237.1000
paul.wolfla@bakerd.com


OF COUNSEL *(Motion for Admission to Practice Pro Hac Vice in process)*

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Thomas J. Fleming, Esq.
Jeffrey A. Udell, Esq.
Ellen V. Holloman, Esq.
Park Avenue Tower
65 East 55th Street
New York, New York 10022
212-451-2300
tfleming@olshanlaw.com
judell@olshanlaw.com
eholloman@olshanlaw.com

*Attorneys for Defendant/Counterclaimant,
GAMCO Assets Management, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 28 2010, I electronically filed **Defendant/**

**Counterclaimant's Answer, Affirmative Defenses, and Counterclaim** with the Clerk of the

Court using the CM/ECF system which sent notification of such filing to the following:

Thomas A. Barnard
William C. Wagner
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, IN  46204
tbarnard@taftlaw.com
wwagner@taftlaw.com


s/Carl A. Greci

26