**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | | |
|---|---|---|
| COACHMEN INDUSTRIES, INC. | ) | |
| | ) | |
| Plaintiff/Counterclaim-defendant, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:10-CV-00163 (JVB/CAN) |
| | ) | |
| GAMCO ASSET MANAGEMENT, INC., | ) | |
| | ) | |
| Defendant/Counterclaimant. | ) | |

**REPORT OF PARTIES' PLANNING MEETING**

1. In accordance with Fed. R. Civ. P. 26(f), a telephonic meeting was held on June 29, 2010 at 11:00 a.m. and was attended by:

Thomas A. Barnard and William C. Wagner, attorneys for plaintiff/counterclaim defendant Coachmen Industries, Inc. (the "Company") and

Carl A. Greci and Thomas J. Fleming, attorneys for defendant/counterclaimant GAMCO Asset Management, Inc. ("GAMCO").

2. **Pre-Discovery Disclosures.**

The parties will make the disclosures required by FED. R. CIV. P. 26(a)(1) by July 16, 2010.

3. **Discovery Plan.**

The parties jointly propose to the court the following discovery plan:

The parties will exchange documentary discovery and conduct no more than eight depositions each. Discovery is needed to determine whether, as the Company contends, GAMCO's proxy statement violated Section 14(a) of the Securities Exchange Act of 1934 and whether the Company had the authority to declare such proxy statement out of order, or whether, as GAMCO contends, the Company improperly declined to allow the votes cast for GAMCO's nominees to the Company's Board of Directors.

Disclosure or discovery of electronically stored information should be handled as follows:

The need for disclosure of electronically stored information in this matter is limited. Because the need for electronic discovery appears limited, when a specific issue that implicates electronic discovery presents itself, the parties agree to engage in good faith negotiations to

determine a reasonable way to address such production, and will do so prior to seeking assistance from the court. The parties reserve all their rights under the Federal Rules of Civil Procedure with regard to all potential discovery disputes, including electronic discovery disputes. Other electronic discovery is not contemplated at this time.

With regard to the inadvertent production of materials that are privileged under the attorney-client privilege or other privilege, or protected from discovery as work product, no party shall be held to have waived any rights by such inadvertent production and any inadvertently produced material will be returned upon such request to do so within five (5) business days. Any producing party may request the return of any inadvertently produced document, including, but not limited to, any document as to which the producing party claims an attorney-client privilege or other privilege, or is protected from discovery as work product. A request for the return of an inadvertently produced document shall be in writing and identify the document inadvertently produced and the basis for withholding such document from production. Upon receipt of such request, each party or other person who received the document shall either a) state in writing why the document should not be returned, or b) promptly return the document and each copy to the producing party, and make a good faith attempt to locate and return to the producing party all copies of the inadvertently produced document that may have been distributed by said person to any other person. Any dispute concerning the request for and/or return of an inadvertently produced document will be attempted to be resolved by the parties in a telephonic conference in accordance with Fed. R. Civ. P. 37, and if necessary the parties will promptly bring to the Court's attention any dispute where an accord cannot be reached, notwithstanding a good faith attempt to resolve such dispute.

    A.    The last date for the completion of all discovery is October 1, 2010.

    B.    As per Local Rule 26.1, no party shall serve on any other party more than thirty (30) requests for admission without leave of Court.

    C.    No party shall serve on any other party more than twenty-five (25) interrogatories without leave of the Court.

    D.    Written discovery shall be served on or before July 16, 2010 with responses and/objections due on or before August 16, 2010.

    E.    Depositions will be scheduled and occur between August 17 and October 1, 2010.

    F.    Maximum of eight depositions by each party.

    G.    Each deposition limited to maximum of 7 hours unless extended by agreement of the parties.

    H.    This case will not require expert testimony.

4. **Other Items.**

   A. The last date for the Company to seek leave of court to join additional parties and to amend the pleadings is July 15, 2010.

   B. The last date for GAMCO to seek leave of court to join additional parties and to amend the pleadings is July 22, 2010.

   C. The Company believes summary judgment may be appropriate because the investigation into GAMCO's proxy statements and decision to declare GAMCO's proxy out of order are subject to Indiana's business judgment rule, which provides a conclusive presumption to the correctness of independent director actions.  GAMCO, does not believe dispositive motions are necessary.  However, GAMCO shall request an expedited trial on the merits or, in the alternative, a preliminary injunction with the request that the trial on the merits be advanced pursuant to FRCP 65(a)(2). If a party requests a dispositive motion deadline, such deadline will be no more than 30 days after the close of discovery as provided by FRCP 56(c)(1)(A).

   D. The timing of filing pretrial disclosures under Fed. R. Civ. P. 26 (a)(3) shall be governed by separate order.

   E. The parties have not yet agreed upon a mediator.  The parties believe that the retention of a mediator is not necessary at this time as the parties are able to engage in good-faith negotiations between counsel regarding settlement.  Should outside assistance in settlement become necessary or beneficial the parties undertake to promptly advise the Court.

   G. Thirty (30) days before the final pretrial conference counsel will provide a written status report to the ADR administrator regarding the status of mediation.

   H. The case should be ready for trial 30 days after the close of discovery or 30 days after a ruling on any dispositive motion. and is expected to take one to two days.

Counsel are aware that the Court has various audio/visual and evidence presentation equipment available for use at trial at no cost to the Bar.  Counsel know that this includes an evidence presentation system, which consists of a document camera, digital projector, and screen. Counsel know the projector may be used to display images which originate from a variety of sources, including television, VCR, and personal computer. The document camera may be used to display documents, photographs, charts, transparencies, and small objects. Counsel acknowledge they can contact one of the Court's courtroom deputy clerks for information or training.

Date: July 1, 2010

Respectfully submitted,

s/Thomas A. Barnard

Thomas A. Barnard (4011-49)
William C. Wagner (16542-64)
Taft Stettinius & Hollister LLP
One Indiana Square Suite 3500
Indianapolis, IN 46204-2023
(317) 713-3500
Fax: 317-713-3699
Email: tbarnard@taftlaw.com
*Attorneys for the Plaintiff-Counterclaim Defendant Coachmen Industries, Inc.*

 s/Carl A. Greci

Carl A. Greci (17351-49)
BAKER & DANIELS LLP
1400 KeyBank Building
202 South Michigan Street
South Bend, IN  46601
Telephone:     574..234.4149
Facsimile:     574.239.1900
carl.greci@bakerd.com


Paul A. Wolfla (24709-49)
 BAKER & DANIELS LLP
Suite 2700
300 N. Meridian Street
Indianapolis, IN  46204-1782
Telephone:     317.237.0300
Facsimile:     317.237.1000
paul.wolfla@bakerd.com
OF COUNSEL *(Motion for Admission to Practice Pro Hac Vice in process)*

OLSHAN GRUNDMAN FROME
ROSENZWEIG & WOLOSKY LLP
Thomas J. Fleming, Esq.
Jeffrey A. Udell, Esq.
Ellen V. Holloman, Esq.
Park Avenue Tower
65 East 55th Street
New York, New York 10022
212-451-2300
tfleming@olshanlaw.com
judell@olshanlaw.com
eholloman@olshanlaw.com

*Attorneys for Defendant/Counterclaimant, GAMCO Assets Management, Inc.*

5

## **CERTIFICATE OF SERVICE**

I, Carl A. Greci, hereby certify that on July 1, 2010, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

>tbarnard@taftlaw.com
>wwagner@taftlaw.com


_s/Carl A. Greci___