UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| COACHMEN INDUSTRIES, INC. ) | |
| ) | |
| Plaintiff/Counterclaim-defendant, ) | |
| ) | |
| v. ) | CASE NO. 3:10-CV-00163 (JVB/CAN) |
| ) | |
| GAMCO ASSET MANAGEMENT, INC., ) | |
| ) | |
| Defendant/Counterclaimant. ) | |

**COACHMEN INDUSTRIES, INC.'S ANSWER
AND AFFIRMATIVE DEFENSES TO COUNTERCLAIM**

Plaintiff/Counterclaim-defendant Coachmen Industries, Inc. ("Coachmen"), now known as All American Group, Inc., by counsel, for its Answer and Affirmative Defenses to the Counterclaim of GAMCO Asset Management, Inc. ("GAMCO"), states as follows:

**COUNTERCLAIM**

Introduction

1. GAMCO is the largest independent shareholder of Coachmen and has owned shares for several years. Under current management, Coachmen has been in steady decline, as its share price has plummeted more than 90% since 2006. In January 2010, GAMCO nominated three highly qualified individuals for election to Coachmen's nine-person Board of Directors. At Coachmen's 2010 annual meeting, two of GAMCO's nominees each received 6,222,448 votes, and the third received 5,427,219 votes. The three incumbent directors received vote tallies ranging from merely 2,325,198 to 2,333,308.

**ANSWER:** Coachmen admits that GAMCO is its largest independent shareholder and has been for several years, that Coachmen's share price has

decreased, and at Coachmen's 2010 Annual Meeting votes were cast for directors and nominees in the approximate amounts as alleged in Paragraph 1. Coachmen denies that GAMCO properly nominated individuals for election to Coachmen's Board of Directors and all other remaining allegations in Paragraph 1 of GAMCO's counterclaim.

2. Coachmen has refused to recognize the overwhelming votes of its shareholders for GAMCO's nominees and has refused them seats on Coachmen's Board. Coachmen has claimed that GAMCO did not comply with nominating procedures—a claim that is demonstrably false—and has refused to include votes for GAMCO's highly qualified nominees in the official electoral tally.

**ANSWER:** Paragraph 2 contains conclusions of law to which no response is required. To the extent a response is required, Coachmen admits it properly refused the votes for GAMCO's nominees because GAMCO did not comply with the nominating procedures, its nominees were not qualified, and all votes for said nominees were out of order. Coachmen denies the remaining allegations in Paragraph 2 of GAMCO's counterclaim.

3. Because Coachmen announced prior to the meeting that it may disallow votes for the GAMCO nominees—effectively disenfranchising Coachmen shareholders who wanted to vote for those nominees—approximately 2,570,000 votes were cast as "abstaining," representing shareholders who rejected Coachmen's proposed nominees to the Board. GAMCO now seeks declaratory and injunctive relief to redress Coachmen's unjust manipulation of the corporate machinery.

**ANSWER:** Paragraph 3 contains conclusions of law and characterizations of GAMCO's claims to which no response is required. To the extent a response is

required, Coachmen admits that it announced prior to its Annual Meeting that it may disallow the votes for the GAMCO nominees because they were unqualified and certain votes were cast as abstaining.  Coachmen denies the remaining allegations in Paragraph 3 of GAMCO's counterclaim.

## The Parties

4. Counterclaimant GAMCO is the wholly-owned subsidiary of GAMCO Investors, Inc. ("GAMCO Investors"), a well-known and highly-regarded provider of investment advice and brokerage services to select investors, including individuals, institutions and mutual funds. GAMCO is incorporated under the laws of the state of New York, and has principal executive offices at One Corporate Center, Rye, New York, 10580-1422.

**ANSWER:**  Coachmen admits the allegations in Paragraph 4 of GAMCO's counterclaim.

5. Counterclaim-defendant Coachmen is a corporation organized under the laws of the state of Indiana, and has principal executive offices at 2831 Dexter Drive, Elkhart, Indiana, 46514. Coachmen, now doing business as All American Group, Inc., is a builder of systems-built homes and large scale residential construction projects. Its shares are publicly traded under the symbol "COHM."

**ANSWER:**  Coachmen admits the allegations in Paragraph 5 of GAMCO's counterclaim and clarifies that it began doing business as All American Group, Inc. on October 1, 2009, and formally changed its corporate name on May 3, 2010.

Jurisdictional Allegations

6. This Court has jurisdiction over GAMCO's counterclaim pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Coachmen admits the allegations in Paragraph 6 of GAMCO's counterclaim.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because the wrongful conduct of the Coachmen Board of Directors with respect to the nomination, voting, and suppression of votes for Coachmen Directors took place in this judicial district.

**ANSWER:** Paragraph 7 contains conclusions of law and characterizations of GAMCO's claims to which no response is required. To the extent a response is required, Coachmen admits that venue is proper in this judicial district and denies the remaining allegations in Paragraph 7 of GAMCO's counterclaim.

Factual Background

8. GAMCO and its affiliates have been major shareholders of Coachmen since at least 2004. As of the March 15, 2010 Record Date for the 2010 Annual Shareholders Meeting, GAMCO beneficially owned 909,219 shares of Coachmen common stock, representing approximately 5.62% of Coachmen's 16,189,322 outstanding shares. Additionally, affiliates of GAMCO beneficially owned at least 788,500 shares, representing an additional 4.87% of Coachmen's outstanding shares.

**ANSWER:** Coachmen admits the allegations in Paragraph 8 of GAMCO's counterclaim.

9. For several years, the share price of Coachmen's common stock has been in severe decline. Its share price over the past five years underscores the lack of investor confidence in management: $11.56 at year-end 2005; $10.94 at year-end 2006; $6.40 at year-end 2007; $1.84 at year-end 2008; $1.15 at year-end 2009 and $0.85 as of the close of trading on May 21, 2010. Coachmen's share price over the past five years is set forth in the chart below, drawn from the Coachmen website:

**ANSWER:** Coachmen admits that its share price of common stock has declined at the share price at year end and over the time periods as alleged. Coachmen denies the remaining allegations in Paragraph 9 of GAMCO's counterclaim.

10. In October 2009, Coachmen's Board entered into new financing arrangements that were highly dilutive to shareholders. GAMCO determined that qualified independent directors were needed to protect the interests of all shareholders.

**ANSWER:** Coachmen admits that in October 2009 it entered into new financing agreements. Coachmen denies the remaining allegations in Paragraph 10 of GAMCO's counterclaim.

11. Pursuant to Section 2.15 of the Bylaws of Coachmen, as modified through October 27, 2009 (referred to herein as the "Coachmen Bylaws"), nominations for the election of directors may be made by any stockholder holding 5% or more of the outstanding shares entitled to vote for the election of Coachmen directors.

**ANSWER:** Coachmen admits the allegations in Paragraph 11 of GAMCO's counterclaim.

12. By letter dated January 28, 2010, GAMCO advised Coachmen of its nomination of Robert S. Prather, Jr. and Glenn Angiolillo for election as directors at

Coachmen's next annual shareholders meeting, scheduled for April 29, 2010 (the "2010 Annual Shareholders Meeting"). Mr. Prather is the President and Chief Operating Officer of Gray Television, Inc., a New York Stock Exchange listed company that operates 36 television stations in 30 markets. Mr. Angiolillo is an attorney who practiced law for many years at Cummings & Lockwood in Connecticut, where he served on the Management Committee. Among other responsibilities, Mr. Angiolillo is the president of GJA Corporation, a consulting and advisory firm specializing in wealth management, and he currently serves as a director for Gaylord Entertainment Company, also listed on the New York Stock Exchange. Gaylord is a diversified hospitality and entertainment company with a market capitalization in excess of $1 billion.

**ANSWER:** Coachmen admits that it received a letter from GAMCO dated January 28, 2010 as alleged in Paragraph 12 of GAMCO's counterclaim, that the letter speaks for itself, and directs the Court to review the entire letter rather than the selected information from GAMCO.

13. By letter dated January 29, 2010, GAMCO further advised Coachmen of its nomination of Avrum Gray as an additional nominee for election as a director of the Company at the 2010 Annual Shareholders Meeting. Mr. Gray served as a chief executive of manufacturing company for over thirty years. He is the Chairman and a founding partner of G-Bar Limited Partnerships, one of the nation's largest independent options trading firms. Messrs. Prather, Angiolillo and Gray are collectively referred to herein as the "GAMCO Director Nominees."

**ANSWER:**  Coachmen admits that it received a letter from GAMCO dated January 29, 2010 as alleged in Paragraph 13 of GAMCO's counterclaim, that the letter speaks for itself, and directs the Court to review the entire letter rather than the selected information from GAMCO.

14.     The deadline to present notices of nominations to the Coachmen Board of Directors in advance of the 2010 Annual Shareholders Meeting was January 30, 2010. GAMCO's notices of nominations for the GAMCO Director Nominees were presented and received before January 30, 2010, and therefore were timely.

**ANSWER:**  Paragraph 14 contains conclusions of law to which no response is required.  To the extent a response is required, Coachmen admits that the deadline to present notices of nominations to the Coachmen Board of Directors in advance of the 2010 annual shareholders meeting was January 30, 2010, and that it received GAMCO's purported notices of nominations on or before January 30, 2010. Coachmen, however, denies the remaining allegations in Paragraph 14 of GAMCO's counterclaim.  Specifically, because GAMCO failed to amend or supplement its purported notices of nomination to provide required information prior to the January 30, 2010 deadline for nominations, Coachmen's Board of Directors determined that the purported nominations did not comply with Coachmen's By-Laws.

15.     In compliance with the Coachmen Bylaws, GAMCO's notices of nomination for the GAMCO Director Nominees included extensive information about each nominee, including his name, age and address information, respective principal occupations, the number of shares of Coachmen common stock beneficially owned by the nominee, and the nominee's respective statement of consent.

**ANSWER:** Paragraph 15 contains conclusions of law to which no response is required. To the extent that a response is required, Coachmen admits that the deficient GAMCO notices of nomination for GAMCO's Director Nominees included information pertaining to the nominees' name, age, work address, principal occupation, number of shares of Coachmen common stock beneficially owned by the nominee, and nominees respective statement of consent. Notwithstanding the information GAMCO provided, Coachmen denies that the purported notices of nomination contained information in compliance with Coachmen's By-Laws and all remaining allegations in Paragraph 15 of GAMCO's counterclaim.

16. Each of GAMCO's notices of nomination stated as follows: This letter and all attachments hereto are submitted in a good faith effort to satisfy Coachmen's requirements. Should this letter and/or any attachments hereto be deemed deficient in any way, please contact [GAMCO] so that any deficiency may be cured. GAMCO reserves all rights available to it under applicable law.

**ANSWER:** Coachmen admits that GAMCO's deficient notices of nomination stated the information in Paragraph 16 of GAMCO's counterclaim, that the notices speak for themselves, and directs the Court to review the entire purported notices of nomination rather than just the selected information from GAMCO.

17. Each of GAMCO's notices of nomination further stated: We are not aware of any business relationships between [the respective GAMCO Director Nominee] and Coachmen, directly or indirectly, and we believe that [the respective GAMCO Director Nominee] would qualify under applicable rules as an independent director of

Coachmen. There are no arrangements or understandings between GAMCO and Mr. Gray or others pursuant to which Mr. Gray is being recommended by GAMCO.

**ANSWER:** Coachmen admits that GAMCO's deficient notices of nomination stated the information in Paragraph 17 of GAMCO's counterclaim, that the notices speak for themselves, and directs the Court to review the entire purported notices of nomination rather than just the selected information from GAMCO.

18. On March 8, 2010, GAMCO filed a preliminary proxy statement with the SEC, in advance of the 2010 Annual Shareholders Meeting, soliciting the support of Coachmen shareholders for the election of the GAMCO Director Nominees to the Coachmen Board.

**ANSWER:** Coachmen admits the allegations in Paragraph 18 of GAMCO's counterclaim.

19. In a preliminary proxy statement, dated on or about March 26, 2010, Coachmen claimed that the notices of nomination for the GAMCO Director Nominees did not comply with the Coachmen Bylaws because they allegedly did not provide (i) a "discussion" of the "specific experience, qualification, attributes or skills that would lead to a conclusion that the nominee should serve as a director of [Coachmen], in light of the Company's business"; (ii) a "statement" describing "any legal proceeding that occurred during the past ten years that any of the nominees have been involved in and that would be material to an evaluation of the nominee's ability or integrity"; and (iii) "both a business and a residence address." Coachmen threatened that the Chairman "may rule" at the 2010 Annual Shareholders Meeting that the nominations of the GAMCO Director Nominees "are out of order" and "disallow votes for any of them."

**ANSWER:** Coachmen admits the allegations in Paragraph 19 of GAMCO's counterclaim, but notes that the language in the allegations contains selectively quoted statements from GAMCO. Coachmen refers the Court to the full document for a full and accurate reading.

20. None of these claims provides any basis whatsoever for rejecting GAMCO's notices of nomination or "disallowing" the votes of Coachmen shareholders for the GAMCO Director Nominees. GAMCO's notices of nomination complied with Section 2.15(b) of the Coachmen Bylaws by including information concerning the experience, qualifications, attributes and skills of each of the GAMCO Director Nominees, as would be required to be disclosed in a proxy statement. While Coachmen's Bylaws do not call for a "discussion" of a nominee's "specific" experience, as claimed by Coachmen in its SEC filings, GAMCO's preliminary and definitive proxy statements disclosed both the experiences and qualifications of the GAMCO Director Nominees.

**ANSWER:** Paragraph 20 of GAMCO's counterclaim contains conclusions of law to which no response is required. To the extent a response is required, Coachmen denies the allegations in Paragraph 20 of GAMCO's counterclaim. Specifically, Section 2.15(b) of Coachmen's By-Laws requires that each notice of director nominations include "such other information … as is required to be included in a proxy statement soliciting proxies for the election of such proposed nominee." Securities & Exchange Commission Regulation S-K, Item 401(e) requires a description of "the specific experience, qualifications, attributes or skills that led to the conclusion that the person should serve as a director." *See* 17 C.F.R. § 229.401(e). (Adopted by the Securities &

Exchange Commission on December 16, 2009, and applicable to proxy statements filed after February 28, 2010, so that GAMCO should have provided this information.)

21. Additionally, because none of the GAMCO Director Nominees were involved in any legal proceedings that would be material to an evaluation of the nominee's ability or integrity, no "statement" concerning any such legal proceedings was, or even could have been, provided with the notices of nomination for the GAMCO Director Nominees. Again, the Coachmen Bylaws require no such "statement" to be made in a notice of nomination, contrary to Coachmen's disclosures to the SEC.

**ANSWER:** Paragraph 21 of GAMCO's counterclaim contains conclusions of law to which no response is required. To the extent a response is required, Coachmen denies the allegations in Paragraph 21 of GAMCO's counterclaim. Specifically, Section 2.15(b) of Coachmen's By-Laws requires that each notice of director nominations include "such other information … as is required to be included in a proxy statement soliciting proxies for the election of such proposed nominee." Securities & Exchange Commission Regulation S-K, Item 401(f) requires a description of any legal proceeding that occurred in the past ten years that the nominees have been involved in and "that are material to an evaluation of the ability or integrity of any … person nominated to become a director." *See* 17 C.F.R. § 229.401(f).

22. Finally, GAMCO's notices of nomination provided business addresses, but not home addresses, for each of the GAMCO Director Nominees. This trivial and immaterial detail easily could have been addressed by GAMCO, had Coachmen raised the issue in a timely and responsible fashion.

**ANSWER:** Paragraph 22 of GAMCO's counterclaim contains a conclusion of law to which no response is required. To the extent a response is required, Coachmen denies the allegations in Paragraph 22 of GAMCO's counterclaim.

23. The Coachmen Bylaws additionally state, at Section 3.2, that "no person shall be eligible for election to the Board . . . who will have attained the full age of seventy-five (75) years prior to the beginning of the term for which said person is to serve as Director, except pursuant to an unanimous resolution of the Board of Directors authorizing continued service . . . ." None of the GAMCO Director Nominees would have attained the full age of 75 years prior to the beginning of his term as a Coachmen director, nor would Mr. Gray have been precluded from serving as a director for additional terms, since the Coachmen Bylaws allow the Board to authorize a person 75 years of age to be nominated beyond his or her first term.

**ANSWER:** Coachmen admits that Section 3.2 of its By-Laws states, in part, that "No person shall be eligible for election of the Board of Directors who will have attained the full age of seventy-five (75) years prior to the beginning of the term for which said person is to serve as a Director, except pursuant to a unanimous resolution of the Board of Directors authorizing continued service *for a limited period of time in special circumstances."* (Emphasis added to that part of the sentence omitted by GAMCO.) Coachmen is without knowledge or information as to the truth of the remaining allegations in Paragraph 23 of GAMCO's counterclaim and therefore denies these remaining allegations and demands strict proof thereof.

24. As the 2010 Annual Shareholder Meeting approached, Coachmen issued a press release (that was also filed with the SEC on April 20, 2010) in which the

Coachmen Board of Directors specifically urged Coachmen shareholders not to vote for the GAMCO Director Nominees "because the [GAMCO Director Nominees] neither fill needs of the Company, nor meet the requirements and procedures of the Company's Governance Guidelines." Among other aspersions and allegations, the Board of Directors claimed that the GAMCO Director Nominees had "extensive commitments on other Boards, in excess of what is permitted by the Company's Governance Guidelines . . . ."

**ANSWER:**  Coachmen admits that it issued the April 20, 2010 press release filed with the Securities & Exchange Commission, that the document speaks for itself, and directs the Court to review the entire document rather than the selective quote from GAMCO.  Coachmen denies the remaining allegations in Paragraph 24 of GAMCO's counterclaim.

25. However, nothing in the Coachmen Industries, Inc. Corporate Governance Guidelines, as adopted and amended on August 20, 2007 (referred to herein as the "Coachmen Corporate Governance Guidelines") would serve to block the nominations of the GAMCO Director Nominees to the Coachmen Board. The Coachmen Corporate Governance Guidelines—which are advisory and not controlling—state at Paragraph 5.h that "directors should not serve on more than four other boards of public companies in addition to the Coachmen Board," and that the Coachmen Governance Committee shall "review this item on a case-by-case basis." None of the GAMCO Director Nominees serve on more than four other boards of public companies.

**ANSWER:** Paragraph 25 contains conclusions of law to which no response is required. To the extent a response is required, Coachmen states that its Corporate Governance Guidelines speak for themselves and denies the remaining allegations in Paragraph 25 of GAMCO's counterclaim.

26. The 2010 Annual Shareholders Meeting was held as scheduled on April 29, 2010. The results confirm the shareholders overwhelming rejection of current management. The tabulation of votes for the GAMCO Director Nominees was:

|  | Votes For |
|---|---|
| Glenn J. Angiolillo | 5,427,219 |
| Avrum Gray | 6,222,448 |
| Robert S. Prather, Jr. | 6,222,448 |

**ANSWER:** Coachmen admits that its annual shareholders meeting took place as alleged and that the votes for the GAMCO purported director nominees was as alleged, but denies the remaining allegations in Paragraph 26 of GAMCO's counterclaim.

27. By contrast, each of the nominees presented by the Coachmen Board of Directors received far fewer votes than the GAMCO Director Nominees:

|  | Votes For | Votes Withheld |
|---|---|---|
| Robert J. Deputy | 2,332,975 | 2,570,914 |
| Richard M. Lavers | 2,325,198 | 2,578,691 |
| Edwin W. Miller | 2,333,308 | 2,570,581 |

**ANSWER:** Coachmen admits that Robert J. Deputy, Richard M. Lavers and Edwin W. Miller received the votes for as listed in Paragraph 27 of GAMCO's counterclaim and said number of votes were withheld, but denies the remaining allegations in Paragraph 27 of GAMCO's counterclaim.

28.    Section 2.9 of the Coachmen Bylaws provides that directors of Coachmen "are elected by a plurality of the votes cast by shares entitled to vote in the election at a meeting at which a quorum is present, unless otherwise provided in the Articles of Incorporation of the Corporation." If the votes for the GAMCO Director Nominees had not been wrongfully disallowed by the Coachmen Board of Directors, the GAMCO Director Nominees would have been elected to the Coachmen Board.

**ANSWER:**  Section 2.9 of Coachmen's By-Laws speaks for itself and contains the language selectively quoted by GAMCO.  Coachmen refers the Court to the full document for a full and accurate reading of its terms.  The remaining allegations in Paragraph 28 of GAMCO's counterclaim contain characterization of the claims and conclusions of law to which no response is required.  To the extent a response is required, Coachmen denies said allegations.

## COUNT ONE OF COUNTERCLAIM
**(Injunctive Relief)**

29.    GAMCO repeats its allegations set forth in paragraphs 1-28, above.

**ANSWER:**  Coachmen incorporates its responses to the allegations contained in Paragraphs 1 through 28 of the counterclaim as if fully repeated here.

30.    Based on the foregoing, GAMCO is entitled to an Order directing Coachmen and its Board of Directors: (1) to allow the votes cast for the GAMCO Director Nominees; (2) to comply with Section 2.9 of the Coachmen Bylaws, which provide that Coachmen directors are elected by plurality; and (3) to seat the GAMCO Director Nominees on the Coachmen Board of Directors, in place of the nominees offered by the Board of Directors.

**ANSWER:** Coachmen denies the allegations in Paragraph 30 of GAMCO's counterclaim.

31.     GAMCO has complied with the requirements of the Coachmen Bylaws, and to the extent applicable, the Coachmen Corporate Governance Guidelines, with respect to the nominations of the GAMCO Director Nominees.

**ANSWER:** Coachmen denies the allegations in Paragraph 31 of GAMCO's counterclaim.

32.     GAMCO has no adequate remedy at law, and will suffer irreparable harm without the requested Order providing injunctive relief.

**ANSWER:** Coachmen denies the allegations in Paragraph 32 of GAMCO's counterclaim.

## COUNT TWO OF COUNTERCLAIM
### (Declaratory Relief)

33.     GAMCO repeats its allegations in set forth in paragraphs 1-32, above.

**ANSWER:** Coachmen incorporates its responses to the allegations contained in Paragraphs 1 through 32 of the counterclaim as if fully repeated here.

34.     Coachmen's Board of Directors claims to have "disallowed" the votes received by the GAMCO Director Nominees, even though the GAMCO Director Nominees clearly received pluralities of the votes of Coachmen shareholders. In fact, Coachmen has no right to "disallow" the votes cast for the GAMCO Director Nominees.

- 17 -

**ANSWER:**  Coachmen denies the allegations in Paragraph 34 of GAMCO's counterclaim, and specifically notes that its Board of Directors properly disallowed the votes received by the GAMCO purported director nominees.

35. There is a ripe and justiciable dispute between the parties relating to the election of directors at the 2010 Annual Shareholders Meeting.

**ANSWER:**  Coachmen admits the allegations in Paragraph 35 of GAMCO's counterclaim.

36. GAMCO is entitled to a declaration that the votes cast for the GAMCO Director Nominees are valid and that the GAMCO Director Nominees rightfully have been elected to the Coachmen Board, and an Order requiring Coachmen to seat the GAMCO Director Nominees on the Coachmen Board of Directors, in place of the nominees offered by the Coachmen Board of Directors.

**ANSWER:**  Coachmen denies the allegations in Paragraph 36 of GAMCO's counterclaim.

WHEREFORE, Coachmen, by counsel, requests that the Court enter judgment in Coachmen's favor and against GAMCO and provide all other relief as the case may require or the Court may determine to be just, equitable, and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### Indiana's Business Judgment Rule

Pursuant to Indiana Code Section 23-1-35-1(g), Coachmen's independent directors determined, after reasonable investigation, that the GAMCO candidates did not comply with Coachmen's advance notice by-law so that under Indiana's Corporate Law there is a conclusive presumption as to the correctness of the independent directors' determination that the GAMCO's nominees were out of order.

### SECOND AFFIRMATIVE DEFENSE
### Failure to State a Claim

The allegations of the counterclaim fail to state a claim upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE
### Unclean Hands

The allegations of the counterclaim are barred by defendant's unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### Waivers and Estoppel

The allegations of the counterclaim are barred by the doctrine of waiver and estoppels.

### FIFTH AFFIRMATIVE DEFENSE
### Laches

The allegations of the counterclaim are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE
### Immateriality

The allegations of the counterclaim are barred because defendant has failed to establish materiality.

SEVENTH AFFIRMATIVE DEFENSE
No Damages or Losses

The allegations of the counterclaim are barred because defendant has suffered no damages.

EIGHTH AFFIRMATIVE DEFENSE
*In Pari Delicto*

The allegations of the counterclaim are barred by the doctrine of *in pari delicto*.

NINTH AFFIRMATIVE DEFENSE
Ratification

The allegations of the counterclaim are barred by the doctrine of ratification

WHEREFORE, Coachmen, by counsel, respectfully requests that the Court enter judgment in Coachmen's favor and against GAMCO, and provide all other relief as the case may require or as the Court may determine to be just, equitable, and proper.

Respectfully submitted,

/s/   Thomas A. Barnard
Thomas A. Barnard, Attorney No. 4011-49
William C. Wagner, Attorney No. 16542-64
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204
Telephone:  317.713.3500
Facsimile:   317.713.3699
Email: tbarnard@taftlaw.com
           wwagner@taftlaw.com

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on the 5th of July, 2010, a copy of the foregoing was filed electronically.  Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

      Paul A. Wolfla
      BAKER & DANIELS LLP
      paul.wolfla@bakerd.com

      Carl A. Greci
      BAKER & DANIELS LLP
      carl.greci@bakerd.com


                                        /s/  Thomas A. Barnard

1254752